UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JULIA S. MCSPADDEN, as Personal Representative of the Estate of RICHARD GIBSON MCSPADDEN, JR., Deceased,<br><br>　　Plaintiff,<br><br>vs.<br><br>JOHN THOMAS KENT; AVIATION SERVICES UNLIMITED, LLC; ADIRONDACK FLYING SERVICES, INC.; PAUL RAYHILL; LAKE PLACID AIRWAYS, INC.; LAKE PLACID FLYING SERVICE, INC.; RILEY FRANCIS, as the Administrator of the Estate of RUSSELL ROSS FRANCIS, Deceased; STEPHEN A. SHORT; RIVES POTTS; RICHMOR AVIATION, INC.; RICHMOR AVIATION STEWART, LLC; JAMES CREEGGAN; and OXFORD AVIATION, INC.<br><br>　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

TO THE HONORABLE JUDGE OF SAID COURT:

　　COME NOW Plaintiff herein, JULIA S. MCSPADDEN, as Personal Representative of the Estate of RICHARD GIBSON MCSPADDEN, JR., Deceased, hereby files this Original Complaint, complaining of JOHN THOMAS KENT, AVIATION SERVICES UNLIMITED, LLC, ADIRONDACK FLYING SERVICES, INC., PAUL RAYHILL, LAKE PLACID AIRWAYS, INC., LAKE PLACID FLYING SERVICE, INC., RILEY FRANCIS, as the Administrator of the Estate of RUSSELL ROSS FRANCIS, Deceased, STEPHEN P. SHORT, RIVES POTTS, RICHMOR AVIATION, INC., RICHMOR AVIATION STEWART, LLC, JAMES CREEGGAN,

and OXFORD AVIATION, INC., Defendants herein and or cause of action show unto the Court the following:

## A. PARTIES

1. Plaintiff JULIA S. MCSPADDEN is an adult individual, a citizen, and a resident of the State of Maryland.

2. Plaintiff JULIA S. MCSPADDEN, 8417 Pine Bluff Road, Frederick, Maryland 21704, is the Personal Representative of the Estate of RICHARD GIBSON MCSPADDEN, JR. having been so appointed and granted Letters of Administration on November 7, 2023 by Order of Mary C. Rolle, Register of Wills of Frederick County, Maryland.

3. Defendant JOHN THOMAS KENT ("KENT") is an individual who resides in New York and may be served with process at 320 River Road, Bloomingdale, NY 12913.

4. Defendant AVIATION SERVICES UNLIMITED, LLC ("AVIATION SERVICES") is a domestic corporation with a principal place of business located at 592 Hangar Road, Rome, NY 13441, and was at all times material doing business in New York. Defendant AVIATION SERVICES UNLIMITED, LLC, may be served with process by serving its agent for service of process, CT Corporation System, 28 Liberty Street, New York, NY 10005.

5. Defendant ADIRONDACK FLYING SERVICES, INC. ("ADIRONDACK FLYING"), is a domestic corporation with a principal place of business located at 592 Hangar Road, Rome, NY 13441, and was at all times material doing business in New York. Defendant ADIRONDACK FLYING SERVICES, INC., may be served with process by serving its agent for service of process at 592 Hangar Road, Rome, NY 13441.

6. Defendant PAUL RAYHILL ("RAYHILL") is an individual who resides in New York and may be served with process at 592 Hangar Road, Rome, NY 13441.

7. Defendant LAKE PLACID AIRWAYS, INC. ("LP AIRWAYS"), is a domestic corporation with a principal place of business located at 27 Airport Lane, Lake Placid, New York, and was at all times material, doing business in New York. Defendant LAKE PLACID AIRWAYS, INC. may be served with process by serving its agent for service of process, The Corporation, P.O. Box 630, Lake Placid, NY 12946.

8. Defendant LAKE PLACID FLYING SERVICE, INC. ("LP FLYING"), is a domestic corporation with a principal place of business located at 27 Airport Lane, Lake Placid, NY 12946, and was at all times material, doing business in New York. Defendant LAKE PLACID FLYING SERVICE, INC., may be served with process by serving its agent for service of process, Stephen A. Short, 1936 Saranac Avenue, #264, Lake Placid, NY 12946.

9. RILEY FRANCIS, as the Administrator of the Estate of RUSSELL ROSS FRANCIS, Deceased, is an individual who resides in Colorado and may be served with process by serving the Honorable Peter C. Barrett, Madison – Guilford Probate Court, 8 Meeting House Lane, Madison, CT 06443. The Francis Estate is open in Madison-Guilford Probate Court in Connecticut, Cause No. PD3424-0003. The Francis' Estate may also be served with process by serving Riley Francis, the Administrator of the Estate at 7076 S. Apache Street, Littleton, Colorado 80120, and by serving the attorney or the Francis' Estate, Linda Kidder, 567 Vauxhall St. Ext., Suite 130, Waterford, Connecticut 06385.

10. Defendant STEPHEN A. SHORT ("SHORT") is an individual who resides in New York and may be served with process at 1936 Saranac Avenue, #264, Lake Placid, NY 12946.

11. Defendant RIVES POTTS ("POTTS") is an individual who resides in Connecticut and may be served with process at 66 Ingham Hill Road, Essex, Connecticut 06426.

12.     Defendant RICHMOR AVIATION, INC. ("RICHMOR"), is a domestic corporation with a principal place of business located at Columbia County Airport, 1142 NY-9H, Ghent, NY 12075, and was at all times material, doing business in New York. Defendant RICHMOR AVIATION, INC., may be served with process by serving its agent for service of process, Mahlon W. Richards, 1142 NY-9H, Ghent, New York, 12075.

13.     Defendant RICHMOR AVIATION STEWART, LLC ("RICHMOR STEWART"), is a domestic corporation with a principal place of business located at Columbia County Airport, 1142 NY-9H, Ghent, NY 12075, and was at all times material, doing business in New York. Defendant RICHMOR AVIATION STEWART, LLC, may be served with process by serving its agent for service of process, Mahlon W. Richards, 1142 NY-9H, Ghent, New York, 12075.

14.     Defendant JAMES CREEGGAN ("CREEGGAN") is an individual whose address is unknown at this time.

15.     Defendant OXFORD AVIATION, INC. ("OXFORD"), is a foreign corporation organized and existing under the laws of Maine, with a principal place of business located at 75 Number Six Road, Oxford, ME, and was at all times material, doing business in New York. Defendant OXFORD AVIATION, INC., may be served with process by serving its agent for service of process, James L. Horowitz, 62 Stagecoach Hill Road, Casco, ME 04015.

## B. JURISDICTION

16.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(3), because it is between citizens of different states and citizens or subjects of a foreign state, and the amount in controversy is in excess of $75,000.00.

17.     This Court has personal jurisdiction over Defendants because they have done and are doing business in the State of New York and have sufficient contacts with the State of New York, both

generally and with regard to this specific action, that the exercise of personal jurisdiction over them does not offend the traditional notions of fair play and substantial justice and is proper.

18. The aircraft crash that gives rise to this wrongful death claim occurred in the State of New York, and a substantial amount of the acts and omissions that caused the crash took place in the State of New York

### C. VENUE

19. Venue is proper in this district under 28 U.S.C. §1391(a)(2) because one or more defendants has a principal place of business, and pursuant to 28 U.S.C. §1391(b)(2), a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

### D. CONDITIONS PRECEDENT

20. All conditions precedent have been performed or have occurred.

### E. FACTS

21. Plaintiff's Decedent, Richard Gibson McSpadden, Jr., age 63, was fatally injured after a Cessna Cardinal 177RG aircraft, FAA Registration N545PZ (subject aircraft), suffered an engine failure on October 1, 2023.

22. The subject aircraft, owned and operated by Defendants AVIATION SERVICES UNLIMITED, LLC, ADIRONDACK FLYING, LP AIRWAYS, and LP FLYING, was substantially damaged in an accident near Lake Placid, New York.

23. The airplane was operated as a Title 14 *Code of Federal Regulations* Part 91 aerial photography flight.

24. The purpose of the flight was to photograph the subject aircraft while airborne for later publication in a magazine article.

25. According to witnesses, two airplanes made up the flight.

26. The lead airplane was a Beech A36 with a photographer onboard, which took off first from runway 32 at Lake Placid Airport (LKP), Lake Placid, New York.

27. The subject airplane took off about 700 feet behind the Beech A36.

28. The pilot/owner was to fly the airplane during the takeoff and climb out.

29. During the initial climb, a witness described the engine not sounding like it was running properly.

30. The subject aircraft then made a gentle left turn while it was 300 to 400 feet above ground level to join with the Beech A36.

31. As the accident airplane closed to within about 1,000 feet of the Beech A36, it suddenly made a hard right turn back toward the departure airport.

32. During the turn, the pilot of the Beech A36 heard the passenger in the accident airplane transmit on the common traffic advisory frequency, "We have a problem and we're returning to the airport."

33. The pilot attempted to return to the airport, but unfortunately could not, and the plane crashed, resulting in the deaths of the pilot and Mr. McSpadden.

34. According to the FAA airworthiness and airplane maintenance records, the subject aircraft's most recent annual inspection was completed on April 7, 2023, by Defendants KENT and AVIATION SERVICES UNLIMITED, LLC, ADIRONDACK FLYING, LP AIRWAYS, and LP FLYING.

35. At the time of the inspection, the airplane had accumulated 5,352.2 total hours of flight time, and the engine had accumulated 36.7 hours of operation since the major overhaul.

36.     A proximate cause of the crash was engine failure due to improper inspection and maintenance of the subject aircraft.

### CAUSES OF ACTION AGAINST AVIATION SERVICES UNLIMITED, LLC, ADIRONDACK FLYING SERVICES, INC., PAUL RAYHILL, LAKE PLACID AIRWAYS, INC., LAKE PLACID FLYING SERVICES, INC., STEPHEN A. SHORT, AND RIVES POTTS

37.     Plaintiff incorporates by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

38.     Defendants owed duties to Plaintiff to act as a reasonable operator would do.

39.     In addition to the duties imposed by common law, Defendants were subject to duties imposed by regulatory law.

40.     Defendants breached those duties and were negligent, careless and/or reckless, by virtue of the following:

   a. failing to safely and properly operate the aircraft;

   b. failing to ensure the aircraft was properly inspected, repaired and/or maintained; and

   c. negligently operating, inspecting, servicing, repairing and/or maintaining the aircraft through an agent, employee, or servant.

41.     As a direct and/or proximate result of the foregoing negligent, careless, and/or reckless actions and omissions, the subject aircraft crashed and Decedent was killed, causing Plaintiff's ensuing damages.

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

42.     Plaintiff incorporates by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

43.     Defendants are now, and were at all times material hereto, merchants engaged in the business of inspecting, testing, distributing, servicing, selling, supplying, supporting, repairing,

overhauling, maintaining, and assembling component parts, including those parts that were installed in the subject aircraft within the past 18 years, to businesses, aircraft owners, and entities.

44. During that time, Defendants, for valuable consideration, inspected, marketed, sold, maintained, overhauled, and/or installed component parts for the subject aircraft in this case, which provide the basis for this suit.

45. Defendants, through their agents, employers, and/or servants, negligently operated the subject aircraft.

46. At the time of the accident, the subject aircraft and its components were being used in a manner that was foreseeable by the Defendants.

47. Defendants negligently marketed, sold, overhauled, inspected, maintained, serviced, repaired and/or installed component parts of the accident aircraft in this case.

48. Defendants' negligence in installing defective component parts which were either unsuited for their intended purpose or otherwise unsuitable for use in the accident aircraft, makes Defendants liable for the injuries sustained by Plaintiff and resultant damages resulting from the failure of the subject aircraft's overhauled engine and component parts in flight.

49. The subject aircraft and the parts inspected, maintained, and installed by Defendants were defective and/or unreasonably dangerous in overhaul, warning, and/or notice to users as it relates to the aircraft's characteristics for powered flight, durability, maneuverability, safety, maintenance, and lacked proper warnings regarding said issues.

50. The defective condition of the aircraft and its component parts, as it relates to said issues, has been known or should have been known by Defendants for some time.

51. Defendants were negligent in their failure to warn, replace, or otherwise eliminate the defective conditions and component parts.

52. Defendants had a duty to determine if there were potential hazards to its customers and users of the subject aircraft.

53. Defendants had a duty to determine if the component parts it marketed, sold, and installed on the accident aircraft created a potential hazard to its customers and users of the subject aircraft.

54. Defendants had a duty to warn customers or users of the defective nature of the accident aircraft and its component parts and the potential for injury or death as a result of its foreseeable use and possessed a duty to warn users of the dangerous propensities when used as intended.

55. Defendant's service, maintenance and/or repair of the subject aircraft was negligent, careless, and/or reckless. This conduct was a proximate cause of Plaintiff's damages.

56. Defendant failed to properly test the accident aircraft following its service, maintenance and repair so as to insure that it was airworthy and did not pose a hazard to its users and/or occupants.

57. As a result of the direct and/or proximate result of the foregoing conduct, the subject aircraft lost power and crashed, resulting in Mr. McSpadden's fatal injuries and Plaintiff's damages.

## CAUSES OF ACTION FOR WRONGFUL DEATH AGAINST ALL DEFENDANTS

58. Plaintiff incorporates by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

59. That as a result of the injuries sustained by the Plaintiff's Decedent as a result of the negligence, carelessness, and/or recklessness of the Defendants, their servants, agents, and/or employees, the Plaintiff's Decedent was caused to suffer a wrongful death on October 1, 2023.

60. That as a result of the wrongful death of the Plaintiff's Decedent, his next of kin have been permanently and totally deprived of the usual, anticipated, and potential systems, support, aid,

maintenance, and contribution of the said Plaintiff's Decedent, and were obliged to incur funeral expenses and other expenses, and were severely damaged.

61. The limitations on liability set forth in C.P.L.R. Article 16 do not apply herein; one or more of the exemptions set forth in C.P.L.R. Section 1602 applies.

62. As a result of the direct and proximate result of the foregoing conduct, Plaintiff demands judgment against all Defendants in an amount to be determined at trial, together with interest from October 1, 2023, costs, and disbursements of this action, and any further relief that this Court deems just and proper.

## DAMAGES

63. Plaintiff seeks all damages recoverable under applicable law for these causes of action, including but not limited to:

   a. Funeral Expenses;

   b. Past and Future Lost Income and Benefits;

   c. Past and Future Loss of Household Services;

   d. Past and Future Mental Anguish and Emotional Distress; and

   e. Past and Future Loss of Companionship.

   f. Fear of impending death

   g. Pre-impact terror

   h. Loss of Inheritance

## PRAYER

**WHEREFORE**, Plaintiff demands judgment against all Defendants in an amount to be determined at trial, together with interest, costs and disbursements of this action.

JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated : New York, NY
September 26, 2025

Yours, Etc.

**BOHRER & LUKEMAN, PLLC**



_____
Abram I. Bohrer, Esq.
N.Y. State Bar No.: 2447530
5 Columbus Circle
1790 Broadway, Suite 1501
New York, New York 10019
(212) 406-4232

-and-

**SLACK DAVIS SANGER LLP**

 /s/ *Ladd C. Sanger*
_____
Ladd C. Sanger
Texas State Bar No. 00797378
3500 Maple Avenue, Suite 1200
Dallas, Texas 75219
Telephone: (214) 528-8686
Facsimile: (214) 528-6989
lsanger@slackdavis.com
*Pro Hac Vice Motion forthcoming*

**ATTORNEY FOR PLAINTIFFS**